086173.0971(207)                          RMC:lab

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

SPECIALTY RISK OF AMERICA,            )
                                       )
                   Plaintiff,          )
                                       )
        v.                             )
                                       )
KVILLE PUB INC., an Indiana           )
corporation, doing business as KVILLE  )
PUB BAR & GRILL, and BROOKE           )
HYDE,                                  )
                                       )
                   Defendants.         )

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, Specialty Risk of America, by its attorney, Robert Marc

Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment

against the Defendants, Kville Pub Inc., an Indiana corporation, doing business as Kville

Pub Bar & Grill, and Brooke Hyde, alleges the following:

### JURISDICTION

1.      The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 because

there is complete diversity of citizenship between the parties and the amount in controversy

exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a

declaration of no insurance coverage as to the Commercial General Liability Coverage Part

of a Commercial Package Policy and an applicable sublimit of insurance under the Liquor

Liability Coverage Part of the same policy issued by Specialty Risk of America to its Insured.[1]

**VENUE**

2.      Venue is premised upon 28 U.S.C. §1391 as the Defendants are residents of this District.

**THE PARTIES**

3.      Specialty Risk of America ("SPRISKA") is an Illinois insurance corporation, which maintains its principal place of business in Springfield, Illinois, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Indiana and elsewhere.

4.      Kville Pub Inc. doing business as Kville Pub Bar & Grill ("Kville Pub" or "the Insured") is an Indiana corporation, with its principal place of business in Kendallville, Indiana, which operates a tavern or dram shop in Kendallville, Indiana.

5.      Brooke Hunt ("the underlying Plaintiff") is the plaintiff in a certain action brought against Kville Pub in another Court, which action will be more fully described later herein, and who is joined to the extent she is an interested party to this declaratory judgment action. SPRISKA seeks no relief from the underlying Plaintiff, who has been joined herein as a party defendant solely to be bound by the judgment rendered in this cause. The underlying Plaintiff is a resident and citizen of the State of Indiana who resides in Kendallville, Indiana.

---

[1] Defendant Hyde has recently demanded $7 million to settle her claims against Kville Pub, Inc.

### THE COMMERCIAL PACKAGE POLICY OF INSURANCE

6.      SPRISKA issued its Commercial Package Policy - Indiana numbered CPP1033690 to Kville Pub as named insured. The package policy provided for Commercial General Liability Insurance and Liquor Liability Insurance for the effective period of February 1, 2025 to February 1, 2026. The Commercial General Liability coverage part ("CGL coverage part") of the Commercial Package Policy has a limit of liability of $1,000,000 each occurrence, and the separate Indiana Liquor Liability Coverage Form has an each common cause limit of liability of $500,000. A true and correct copy of the aforesaid policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

### THE UNDERLYING LITIGATION

7.      The underlying Plaintiff filed an action against Kville Pub in Noble County (Indiana) Superior Court, under Cause No. 57D01-2601-CT-000001, and a true and correct copy of that Complaint is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

8.      The underlying Plaintiff seeks damages from Kville Pub for injuries and damages allegedly sustained by her as a result of a motor vehicle accident on April 27, 2025, involving a motor vehicle operated by the underlying Plaintiff's friend, Kristen Holcomb ("Holcomb") after each of them, who were allegedly intoxicated, said intoxication was allegedly as a result of drinking alcoholic beverages at a tavern or bar known as Kville Pub, when the underlying Plaintiff was allegedly injured when she

allegedly fell out of the vehicle operated by Holcomb who was attempting to drive away from the Kville Pub, all of which more fully appears in Pleading Exhibit B attached hereto.

9.    The underlying Plaintiff has made claims against Kville Pub for injuries and damages sustained in the aforesaid accident when she fell out of the vehicle operated by Holcomb and hit her head.

10.    The Kville Pub has been sued by the underlying Plaintiff for liability, as the owner and operator of the tavern at which she and Holcomb allegedly became intoxicated, under common law negligence and the Indiana Dram Shop Act, Ind. Code 7.1-5-10-15.5, and for punitive damages, for causing the intoxication of the underlying Plaintiff, all of which more fully appears in Pleading Exhibit B attached hereto.

11.    SPRISKA has agreed to provide Kville Pub with a defense under its CGL coverage part subject to reservation for the reasons herein stated and has agreed to provide Kville Pub with a defense under its Liquor Liability coverage part subject to that coverage part's sublimit of insurance of $250,000.

### COUNT I
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND)

12.    SPRISKA adopts and repeats the allegations of ¶¶ 1 through 11 as and for ¶ 12 hereof as though the same were fully set forth herein.

13.    While the SPRISKA policy under the CGL coverage part, Pleading Exhibit A, extends coverage to an insured for "bodily injury" as defined, that policy excludes coverage for "bodily injury" or "property damage" for which Kville Pub may be liable by reason of liquor liability if, as here, the Insured is in the business of selling or

4

serving alcoholic beverages. The liquor liability exclusion to the SPRISKA policy's CGL coverage part, Exclusion No. 6, specifically provides as follows (Ex. A. at 30):

> **EXCLUSIONS**
>
> **We** do not pay for a loss if one or more of the following excluded events apply to the loss, regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to produce the loss before, at the same time as, or after the excluded event.
>
> *   *   *   *   *
>
> **6.**    **We** do not pay for **bodily** injury, **property** damage, **personal** injury, or **advertising injury** for which any **insured** may be held liable by reason of:
>
> a.    causing or contributing to the intoxication of a person;
>
> b.    the furnishing of alcoholic beverages to person under the influence of alcohol or under the legal drinking age; or
>
> c.    a law or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
>
> This exclusion applies if **you** are in the business of manufacturing, distributing, selling, or serving alcoholic beverages.

In addition, the CGL coverage part excludes medical payments coverage where the claim for bodily injury is excluded and excludes punitive damages in an endorsement which provides as follows "[W]e do not pay for punitive, exemplary, or vindictive 'damages.'"

14.    The claims made against Kville Pub are brought for common law negligence for causing the intoxication of the underlying Plaintiff, and are brought under the Indiana Dram Shop Act, a statute relating to the sale, gift, distribution or use of alcoholic beverages,

and for punitive damages for causing or contributing to the intoxication of the underlying Plaintiff in the manner alleged or in violation of the Indiana Dram Shop Act or both, and the underlying Plaintiff's Complaint involves causing her intoxication at the tavern or dram shop owned and operated by the Insured. SPRISKA contends that the business qualification to the liquor liability exclusion applies and the claims of the underlying Plaintiff for damages for causing her intoxication are within the scope of the liquor liability exclusion found in the CGL coverage part.

15.    The above contentions of SPRISKA are, on information and belief, denied by the Defendants who, in turn, contend that SPRISKA has a duty to defend Kville Pub in connection with the action filed by the underlying Plaintiff. SPRISKA, in turn, denies the contrary contentions of Kville Pub and the underlying Plaintiff and each of them.

16.    By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of and provisions of 28 U.S.C. ¶¶ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the CGL coverage part of the package policy of insurance referred to herein, and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

## COUNT II
### (DECLARATORY JUDGMENT RE: THE MOTOR VEHICLE ACCIDENT SUBLIMIT OF LIABILITY)

17.    SPRISKA adopts and repeats the allegations of PPs 1 through 15 as and for the allegations of ¶ 17 as though the same were fully set forth herein.

6

18.     The limit of liability under the separate Indiana Liquor Liability Coverage Form in the Commercial Package Policy – Indiana, SPRISKA issued to Kville Pub is $500,000 each common cause. The Liquor Liability coverage part in its Limits of Insurance provision states, as follows (Ex. A. at 92-93):

**D.     Limits Of Insurance**

**1.**     The Limits Of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

**a.**     Insureds;

**b.**     Claims made or "suits" brought; or

**c.**     Persons or organizations making claims or bringing "suits".

**2.**     The most we will pay for all damages resulting from "bodily injury", injury to means of support, loss of society and "property damage" sustained by one or more persons from any "common cause" is the Limits Of Insurance stated in the Declarations at the time of "injury" for Each Common Cause.

In addition, the Liquor Liability coverage part of the package policy defines the term "common cause" as "injury' sustained by one or more persons or organizations as the result of the furnishing of any alcoholic beverages to any one or more persons." (Ex. A. at 99).

19.     The SPRISKA policy endorsement for motor vehicle accidents applies to the claim asserted by the underlying Plaintiff and the Amendment – Sublimit of Insurance – Motor Vehicle Accident Sublimit provides as follows (Ex. A. at 104):

This endorsement modifies insurance provided under the following:

Liquor Liability Coverage

## SCHEDULE[*]

(*Information required to complete this Schedule, if not shown on this endorsement, will be shown either in the Declarations and/or Rating Information schedule.)

**Aggregate Sublimit of Insurance:** $ 500,000

**Each Common Cause Sublimit of Insurance:** $ 250,000

**1.** The following is added to **SECTION D - LIMITS OF INSURANCE:**

    1. The Aggregate Sublimit of Insurance shown in the Schedule above is the most "we" will pay during the policy period for all sums the insured shall become legally obligated to pay for "Injury" due to, sustained in, or resulting from a motor vehicle accident or accidents arising in whole or part out of **"Common Cause."**

    2. The Each Common Cause Sublimit of Insurance shown in the Schedule above is the most "we" will pay for all sums the insured shall become legally obligated to pay for "Injury" due to, sustained in, or resulting from a motor vehicle accident or accidents arising in whole or part out of a "Common Cause".

"Our" obligation under this endorsement to pay **damages** on "your" behalf applies only to the amount of **damages** in excess of any Deductible, if applicable. All payments made or offered under this Sublimit of Insurance will be reduced by any available limits to you under your Limits of Liability, if any. All payments made or offered under this Sublimit of Insurance will reduce any available limits to you under your Limits of Liability, if any.

20. The underlying Plaintiff alleges that she was injured when she allegedly fell out of a motor vehicle operated by Holcomb when Holcomb was attempting to drive away

8

from the Kville Pub. SPRISKA contends that under its policy of insurance no claimant is entitled to more than $250,000, for injuries in a motor vehicle accident.

21. The above contentions of SPRISKA are, on information and belief, denied by the Defendants who, in turn, contend that the SPRISKA policy does not have a sublimit of liability under the Liquor Liability coverage part for a motor vehicle accident. SPRISKA, in turn, denies the contrary contentions of Kville Pub and the underlying Plaintiff and each of them.

22. SPRISKA adopts and repeats the allegations of ¶ 16 as and for the allegations of ¶ 22 as though the same were fully set forth herein.

## PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, Specialty Risk of America, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

## AS TO COUNT I:

A. That Specialty Risk of America has no duty or obligation to provide a defense and indemnity to Kville Pub Inc. d/b/a Kville Pub Bar & Grill for the action filed in the Noble Superior Court in Noble County, Indiana, under Cause No. 57D01-2601-CT-000001 filed by Brooke Hyde under its CGL coverage part of the Commercial Package Policy – Indiana numbered CPP1033690.

B. That the Court grant Specialty Risk of America such other and further relief as the Court deems fit and just under the circumstances.

9

C.    That Specialty Risk of America be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT II:

A.    That the Plaintiff Specialty Risk of America under the Indiana Liquor Liability Coverage Form of the Commercial Package Policy – Indiana has a duty to defend Kville Pub Inc. d/b/a Kville Pub Bar & Grill subject to the $250,000 sublimit of liability which is the maximum limit of liability under that policy for the claims of Brooke Hyde in her aforesaid Complaint pending in Noble County (Indiana) Superior Court.

B.    That the Court award Specialty Risk of America such other and further relief as it deems just, reasonable, equitable, necessary and proper.

C.    That Specialty Risk of America be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

Respectfully submitted:

*/s/ Robert Marc Chemers*
Robert Marc Chemers
PRETZEL & STOUFFER, CHARTERED
200 South Wacker Drive, Suite 2600
Chicago, Illinois 60606
Telephone:    (312) 578-7548
Fax:            (312) 346-8242
E-Mail: rchemers@pretzelstouffer.com